THOMPSON, Judge,
dissenting.
I disagree with the conclusion reached in the main opinion that the trial court’s judgment, simply because the trial court used the words “best interest,” indicates that it did not apply the McLendon standard. Indeed, in Ex parte McLendon, 455 So.2d 863, 865 (Ala.1984), our supreme court held that the proper standard to be applied in child-custody cases wherein a parent has either voluntarily forfeited custody or lost custody due to a prior judgment is whether there has been a material change in circumstances since the prior judgment; whether a change in custody will materially promote the best interests of the children; and whether the benefits of the change in custody will more than offset the inherently disruptive effect caused by the uprooting of the children.
The language used in the trial court’s judgment coupled with the evidence contained in the record on appeal is sufficient for this court to conclude that the trial court correctly applied the McLendon standard. Because I conclude that the trial court applied the McLendon standard, I must dissent.
YATES, P.J., concurs.